IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

MICHAEL SILVER,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    No. 12 C 4289
                               )
SIGNATURE BUSINESS CONSULTING  )
GROUP, INC.,                   )
                               )
          Defendant.           )

                       MEMORANDUM ORDER

    For some reason the filing of this action and its random assignment to this Court's calendar were not accompanied by the delivery of the Judge's Copy of the Complaint to this Court's chambers--an omission that should <u>never</u> take place.  Nor, for an equally unexplainable reason, did this Court's secretary or its minute clerk (each of whom is meticulous in keeping records of in-chambers deliveries) receive the required chambers copy of defendant's Answer when it was filed.  Thus this Court's first knowledge that the action was on its calendar came when one of the parties' counsel inquired of this Court's minute clerk whether some status hearing date had been set.

    That of course triggered the minute clerk's immediate printing of copies of the previously unknown pleadings and this Court's prompt setting of an initial status hearing to be held on October 29.  Meanwhile, this Court's consequent review of the papers has occasioned the issuance of this sua sponte memorandum order to call for the correction of some problematic aspects of

the Answer.

To begin with, defense counsel has coupled a misstatement of the plain terms of the disclaimer required by Fed. R. Civ. P. ("Rule") 8(b)(5) with this non sequitur: "and therefore, denies the allegations" (Answer ¶¶1 and 3). That is of course oxymoronic--how can a party that must assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Next, instead of being directly responsive to some allegations of the Complaint as Rule 8(b)(1)(B) requires, Answer ¶¶6 through 8, 10 and 11 say that a document "speaks for itself." That is unacceptable--see App'x ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover, each of those paragraphs goes on to say "Defendant admits only those duties imposed by law," an assertion that is really meaningless in terms of the notice pleading obligation that applies to defendants as well as plaintiffs.

Finally, Answer ¶¶13, 15 and 18 purport to disclaim the need to answer corresponding allegations in the Complaint because they assertedly "seek[ ] a legal conclusion." That too is an impermissible violation of Rule 8(b)(1)(B)--and this time see App'x ¶2 to State Farm.

2

To spare opposing counsel and this Court the need to flip back and forth between two responsive pleadings to see just what is and what is not at issue, this Court strikes the entire Answer--but with leave granted, of course, to file a proper Answer on or before October 29.  No charge is to be made to defendant by its counsel for the added work and expense incurred in correcting counsel's errors.  Defense counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 18, 2012